Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE TAYLOR, | Case No.  **'15CV0618 CAB RBB** |
| Plaintiff, | COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| TRANSWORLD SYSTEMS, INC. a California corporation and DOES 1-5, inclusive,, | |
| Defendant | |

## JURISDICTION AND VENUE

1.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal statute titled the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"). The Court has personal jurisdiction over the Defendant and venue is proper under 28 § 1391(b)(1) and (d) as in this District.

## INTRODUCTION

2.      This is an action brought by an individual consumer, Jacqueline Taylor, (hereinafter "Plaintiff") against Transworld Systems, Inc. (hereinafter "Transworld" or "Defendant") for violations of the TCPA by making unconsented autodialed calls to Plaintiff's cell phone. All undesignated section references to 47 U.S.C. §277 are to the TCPA.

3.      Plaintiff makes these allegations on information and belief, with the

exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge.

4.    Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C. § 227(b)(3).

## THE PARTIES

5.    Plaintiff is a natural person residing in Los Angeles, California.

6.    Defendant is a California corporation that does business in this district at 8885 Rio San Diego Dr., San Diego, CA 92108, and may be served through its registered agent, CT Corporation Systems, 818 West Seventh Street, Los Angeles, CA 90017.

7.    At all times relevant, Defendant was engaged in the business of debt collection, using the mails and telephone to collect consumer debts.

8.    Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 5, inclusive and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon, alleges that each of the fictitiously named Doe Defendants are legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff.

9.    Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within in the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations

1    are deemed "alternative" theories whenever not doing so would result in a contradiction
2    with the other allegations.

3           10.    All Defendants, including Does 1 through 5, are collectively referred to as
4    "Defendants" or "Transworld."

5           11.    Whenever this complaint refers to any act of Defendants, the allegations
6    shall be deemed to mean the act of those defendants named in the particular cause of
7    action, and each of them acting individually, jointly and severally, unless otherwise
8    alleged.

9           12.    Plaintiff is a "person" as defined by 47 U.S.C. § 153.

10          13.    Defendant at all times mentioned herein was a person as defined by 47
11   U.S.C. § 153.

12                    **THE TELEPHONE CONSUMER PROTECTION ACT**

13          14.    Congress enacted the Telephone Consumer Protection Act in 1991. The
14   TCPA prohibits certain uses of telecommunication equipment that would interfere with
15   telephone services subscribers' privacy and/or property rights with respect to their
16   telephone. In particular, the TCPA provides that:

17               It shall be unlawful for any person within the United States, or any person
18               outside the United States if the recipient is within the United States to make
19               any call (other than a call made for emergency purposes or made with the
20               prior express consent of the called party) using any automatic telephone
21               dialing system … to any telephone number assigned to a … cellular
22               telephone service …

23   47 U.S.C. § 27(b)(1)(A).

24               Predictive dialers initiate phone calls while telemarketers are talking to
25               other consumers … In attempting to "predict" the average time it takes for a
26               consumer to answer the phone and when a telemarketer will be free to take
27               the next call, predictive dialers may either "hang-up" on consumers or keep
28               the consumer on hold until connecting the call to a sales representative,

1   resulting in what has been referred to as "dead air."

2   *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

3   *Protection Act of 1991, 2003 Report and Order,* CG Docket No. 01-278, FCC 03-153,

4   ¶146, 18 FCC Rcd. 14014, 14101, 2003 WL 21517853, *51 (July 3, 2003), *available at*

5   http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf ("*2003 Report*

6   *and Order*").

7   15.   The TCPA provides telephone service subscribers a private right of action

8   for injunctive relief and statutory damages for violations:

9         A person or entity may … bring … an action based on a violation of [47

10        U.S.C. § 227(b)] to enjoin such a violation, an action to recover for actual

11        monetary loss from such a violation, or to receive $500 in damages for each

12        such violation, whichever is greater, or both … If the court fines that the

13        defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court

14        may, in its discretion, increase the amount of the award to an amount equal

15        to not more than 3 times the [statutory damages available above].

16   47 U.S.C. § 227(b)(3).

## FACTUAL ALLEGATIONS

17

18   16.   Beginning on or about October 23, 2014 and on multiple occasions since

19   that time, up to and including November 26, 2014, Defendant and/or its agents directed a

20   campaign of telephone collection calls to Plaintiff's cell number (XXX) XXX-9585

21   (hereinafter "cell phone"). These calls exceeded twenty (20) in number.

22   17.   These telephone calls by Defendant violated 47 U.S.C. § 227(b) (1)(A)(iii).

23   18.   Defendant placed these calls to Plaintiff's cellular telephone via an

24   'automatic telephone dialing system', as defined by 47 U.S.C. § 227(a)(1).

25   19.   Plaintiff did not provide 'express consent' allowing Defendant to place

26   telephone calls to Plaintiff's cellular phone utilizing an 'automatic telephone dialing

27   system', within the meaning of 47 U.S.C. § 227(b)(1)(A).

28   20.   Under the TCPA and pursuant to the FCC's January 2008 Declaratory

Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

21.     The cell phone called by Transworld was purchased by Plaintiff. Plaintiff is the exclusive user of this cell phone. Plaintiff's cellular telephone plan for this phone is a prepaid plan that Plaintiff pays in advance for a set number of minutes, which number is reduced during phone calls received or made.

22.     Plaintiff asserts a claim under the TCPA.

23.     All telephone contact by Defendant to the cell phone of Plaintiff used equipment that was placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

24.     Defendant used a predictive dialer to make these telephone calls to Plaintiff's telephone number, without her prior express consent.

25.     This practice violates the TCPA.

26.     Plaintiff answered some of these calls. When she did answer dead air came on the line, which is a telltale sign that Transworld used a predictive dialer.

27.     Plaintiff attempted to stop the calls numerous times by saying into the dead air (in case it was being recorded) to "stop calling me, I'm not the person you are trying to reach" but was unable to speak to a live operator or to prevent the calls from continuing.

28.     The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b) (1) (A) (i).

29.     Based on information and belief, Transworld placed each and every call alleged in this complaint with one or more predictive dialers.

30.     Transworld's parent company Expert Global Solutions, Inc. form 10-K  for the year ended December 31, 2011's states that: "We provide the following BPO [Business Process Outsourcing] Services:"

**Accounts Receivable Management**

…

*Transworld Systems.* Our subsidiary, Transworld Systems Inc., provides first-and-third-party early stage and past due aaccount recovery services fro small, medium and large businesses through a demand letter series, reminder calls, or a customized program to fit individual business needs…

**Technology and Infrastructure**

We have implemented a scalable technical infrastructure that can flexibly support growing client volume while delivering a high level of reliability and service. Our customer contact centers feature advanced technologies, including predictive dialers, automated call distribution systems…

Our ARM call centers utilize both virtual and onsite predictive dialers to address our low-balance, high-volume accounts, and our CRM centers utilize predictive dialers to conduct our clients' outbound calling campaigns. These systems scan our databases, simultaneously initiate calls on dedicated predictive dialers, and determine if a live connection is made.

…

Our [Accounts Receivable Management] all centers utilize both virtual and onsite predictive dialers to address our low-balance, high-volume accounts, and our CRM centers utilize predictive dialers to conduct our clients' outbound calling campaigns. These systems scan our databases, simultaneously initiate calls on dedicated predictive dialers, and determine if a live connection is made. (P.5-6) (This was the last 10-K filed by either entity. Certification And Notice Of Termination Of Registration for Transworld as an addition registrant was filed in April of 2012.)

31.     Predictive dialers constitute an automatic dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiff's cellular telephone number

when Transworld made the calls alleged below. Rather, the predictive dialer(s) electronically dialed Plaintiff's cellular telephone in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. §227(a)(1).

32.    Defendant's misconduct in placing these telephone calls to Plaintiff's cell phone was negligent and Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §  227(b) (3) (B).

33.    Defendants' misconduct in placing some or all of these telephone calls to Plaintiff's cell phone was willful and knowing and Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (C).

## FIRST CLAIM FOR RELIEF

### (Negligent Violations of the Telephone Consumer Protection Act)

34.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (B).

37.    Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act)

38.    Plaintiff incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

39.    The foregoing acts and omissions of Defendant constitute numerous and

1   multiple knowing and/or willful violations of the TCPA, including but not limited to
2   each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

3       40.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §
4   227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each
5   and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

6                               **PRAYER FOR RELIEF**

7       WHEREFORE, Plaintiff prays that judgment be entered against each Defendant,
8   and for Plaintiff, and prays for the following relief:

9       (1)   Award of statutory damages of $500.00 for each and every negligent
10              violation of the TCPA, pursuant to 47 U.S.C. § 227(b) (3) (B);

11      (2)   Award of statutory damages of $1,500.00 for each and every
12              knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C.
13              § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

14      (3)   Such other and further relief this court may deem just and proper.

15                                 **TRIAL BY JURY**

16      41.   Pursuant to the seventh amendment to the Constitution of the United States
17   of America, Plaintiff is entitled to, and demands, a trial by jury.

18

19   Dated March 18, 2015                    **Lester & Associates**
20                                           By    s/ Patric A. Lester
                                                   Attorney for Plaintiff,
21                                                 E-mail: pl@lesterlaw.com
22

23

24

25

26

27

28